UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| MICHELLE MCVAY, <br> Plaintiff | ) ) ) | |
| vs. | ) ) | CASE NO. |
| INCREMEDICAL MANAGEMENT, INC. <br> Defendant | ) ) ) | |

## COMPLAINT

Michelle McVay ("Plaintiff"), by counsel, Nicholas T. Otis, of **NEWBY LEWIS KAMINSKI & JONES**, LLP, files this lawsuit against IncreMedical Management, Inc. ("IncreMedical"), and for her Complaint alleges the following:

1. Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2. This action seeks declaratory relief, along with liquidated and actual damages, attorney's fees and costs for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq.* (hereinafter the "FLSA").

### Jurisdiction and Venue

3. Plaintiff brings this action to recover unpaid overtime compensation and other relief under provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

4. The jurisdiction of this Court is involved pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.

5. IncreMedical is an Indiana corporation and resides in this district.

6. IncreMedical does business in and is engaged in commerce in the State of Indiana.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because IncreMedical resides in this District and a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this District.

8. Ms. McVay was employed by IncreMedical from on or about December 18, 2008, until on or around October 23, 2015.

9. Ms. McVay worked at a facility located in Michigan City, Indiana.

## Count I – Plaintiff's Claim under the Fair Labor Standards Act

10. Ms. McVay was an "employee" of IncreMedical, as that term has been defined by the FLSA, 29 U.S.C. § 201, *et seq.*, 29 U.S.C. § 203(e).

11. IncreMedical is an employer within the meaning of the FLSA as defined by 29 U.S.C. § 203(d), and 29 U.S.C. § 203 (r) & (s).

12. Employees covered under the FLSA are entitled to overtime compensation at the rate of one and one-half times their regular rates of pay for all hours worked in excess of forty hours per week, except as otherwise provided in section 29 U.S.C. § 207.

13. 29 U.S.C. § 207 provides:

> No employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce...for a workweek longer than forty hours after the expiration of the second year from such date, unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

14. The Plaintiff worked in excess of the statutory maximum number of hours provided for in 29 U.S.C. § 207, without receiving compensation for such excess hours at a rate of one and one-half times the regular rate at which the Plaintiff were employed.

15. While employed at IncreMedical, Ms. McVay worked as a physical therapist assistant and as a certified lymphedema therapist.

16. Ms. McVay would actively treat and provide care to patients throughout the day while working for IncreMedical.

17. Ms. McVay was required to chart her treatment and care for each patient.

18. IncreMedical scheduled patients in such a manner that Ms. McVay and other employees in her position, would not be able to chart patients while working their shifts. As a result, Ms. McVay charted her patients during her unpaid lunch hour and at home.

19. When Ms. McVay charted patients during her unpaid lunch hour and at home she was off the clock and not getting paid.

20. IncreMedical knew or should have known that Ms. McVay was working off the clock and not being compensated for the time when Ms. McVay worked during her unpaid lunch hour and from home.

21. Ms. McVay regularly worked 40 hours a week at IncreMedical's Michigan City office. When Ms. McVay worked during her unpaid lunch hour and from home she was working in excess of 40 hours.

22. IncreMedical failed to compensate Ms. McVay for the hours she worked at during her unpaid lunch hour and at home.

23. IncreMedical's failure to compensate and fully compensate Ms. McVay at one and one-half times her regular rate for all overtime hours is a violation of 29 U.S.C. §207. Such violation is recoverable by the Plaintiff as an affected employee under 29 U.S.C. § 216.

24. IncreMedical is liable to Ms. McVay in the amount of Plaintiff's unpaid overtime compensation, full overtime compensation, interest, and an additional amount as liquidated damages, and for reasonable attorney fees, together with the costs of this action.

25. At all times relevant within three years prior to the filing of this action IncreMedical has been aware of the provisions of the FLSA, requiring payment of overtime compensation to Ms. McVay.

26. The violation of the FLSA by IncreMedical is a willful violation as evidenced by the facts above. IncreMedical knowingly violated the FLSA. Therefore, Ms. McVay is entitled to the unpaid overtime compensation and

liquidated damages owed on the claim for the three year period immediately preceding the commencement of this action.

FOR ALL THE ABOVE REASONS, Michelle McVay requests an entry of judgment in her favor against the Defendant and for all damages allowed under the Fair Labor Standards Act, and for all other just and proper relief.

### Count II – Plaintiff's Wage Claim Under Ind. Code § 22-2-9

For Count II of her cause of action against the Defendant, Plaintiff incorporates by paragraphs 1-26 into Count II and further states:

27. IncreMedical is an employer as defined by I.C. § 22-2-9-1.

28. The compensation identified in paragraphs 1-26 when Plaintiff worked during her unpaid lunch hour and at home are "wages" as that term is defined in I.C. § 22-2-9-1(b).

29. Pursuant to I.C. § 22-2-9-2(a) IncreMedical has an obligation to pay Plaintiff all unpaid wages and compensation at the regular payday for the pay period that included October 23, 2015, the day Plaintiff's employment ended with IncreMedical.

30. IncreMedical failed to pay Plaintiff all wages and compensation that she is entitled to receive.

31. On February 21, 2017, Plaintiff filed an application for wage claim with the Indiana Department of Labor as contemplated by I.C. § 22-2-9-4. A copy of that application for wage claim is attached as *Exhibit 1.*

32. On March 7, 2017, as contemplated by I.C. § 22-2-9-4(b) the Indiana Attorney General referred the wage claim of Plaintiff to Attorney Nick Otis of Newby Lewis Kaminski & Jones, LLP. A copy of that letter is attached as *Exhibit 2*.

33. As stated in I.C. § 22-2-9-4(b) the provisions of I.C. § 22-2-5-2 apply to this civil action.

34. Pursuant to I.C. § 22-2-5-2 and I.C. § 22-2-9-4(b), Plaintiff is entitled to liquidated damages in an amount equal to double the amount of wages due to her together with an award of costs and attorney's fees.

FOR ALL OF THE ABOVE REASONS, Plaintiff prays for judgment against IncreMedical in an amount sufficient to compensate her for all losses and damages she suffered together with statutory penalties provided by I.C. § 22-2-5-2, together with an award of prejudgment interest, attorney's fees, and other costs reasonably incurred in the prosecution of this claim.

NEWBY LEWIS KAMINSKI & JONES, LLP

By: /s/ Nicholas T. Otis
Nicholas T. Otis
Attorney for Plaintiff
916 Lincolnway, P.O. Box 1816
LaPorte, IN 46352-1816
(219) 362-1577
NTOtis@nlkj.com

## Jury Demand

Plaintiff, by counsel, demands trial by jury.

NEWBY LEWIS KAMINSKI & JONES, LLP


By: /s/ Nicholas T. Otis
Nicholas T. Otis
Attorney for Plaintiff
916 Lincolnway, P.O. Box 1816
LaPorte, IN 46352-1816
(219) 362-1577
NTOtis@nlkj.com



# APPLICATION FOR WAGE CLAIM
State Form 2069 (R5 / 12-09)
INDIANA DEPARTMENT OF LABOR

Wage Claim # 17-14928

**INDIANA DEPARTMENT OF LABOR**
**WAGE AND HOUR DIVISION**
402 West Washington Street, W195
Indianapolis, IN 46204

*(Please type or print your response and be sure to answer all questions)*

| Employee | Employer |
|---|---|
| **Name** Michelle McVay | **Name** Incremedical Management, Inc. |
| **Address** 6601 E. 350 N | **Address** 8259 Wicker Ave. |
| **City** Rolling Prairie | **City** Saint John |
| **State, and ZIP code** Indiana 46371 | **State, and ZIP code** Indiana 46373 |
| **Telephone number** (219)778-4042 | **Telephone number** (219) 365-8560 |

**Amount of Claim:** $ 10,000 plus
**Length of Employment: From** 12/28/08 **To** 10/23/15

**Address Where Work Was Performed:** 1225 Coolspring Avenue, Michigan City, Indiana 46360

**Reason for Leaving Employment:** Termination

**Reason Given For Non-Payment:** Employer refused to pay for time

**Wage Agreement: Hourly** $ 28.10  **Salary** $   **Commission** $   **Piece Rate** $

**Type of Claim: Check box(s)** Minimum Wage Complaint | Non-Payment of Overtime ✓ | Non-Payment of Vacation | Payroll Deduction | Non-Payment of Paycheck(s)

**INSTRUCTIONS:**
(1) Show, mathematically, how you calculated the amount of your claim
(2) Be sure to list the dates of non-payment, including hours worked each day with beginning and ending times
(3) Submit supporting documentation

From approximately August 2013 through October 2015, I frequently worked during my unpaid lunch and at home after work. I made $28.10 per hour.

I estimate I worked 4-10 hours per week over 40 hours. I cannot be more specific because I do not have access to the employer records.

**Incomplete Forms**
Any Incomplete Application For Wage Claim will be returned to its sender in its entirety without any action taken from our Department.

**Disclaimer**
The Department of Labor has the right to reject this claim at any time if, in the judgement of the Commissioner of Labor, said claim is not valid and enforceable in the courts.

**Declaration**
I hereby certify under the penalty of perjury that the above statements are true and that I will testify to same before a court of law, if necessary to collect the amount due to me. Pursuant to IC 22-2-9-5, I hereby assign to the Commissioner of Labor all my rights, title and interest in and to the above certified claim for processing in accordance with the provisions of IC 22-2-9-1, et seq.

**Date Received (Office Use Only)** RECEIVED FEB 21 2017 Indiana Department of Labor Wage & Hour Division

**Signed** M McVay, PTA, CLT  **Dated** 2-16-2017

Exhibit 1



**STATE OF INDIANA**
## OFFICE OF THE ATTORNEY GENERAL
INDIANA GOVERNMENT CENTER SOUTH, FIFTH FLOOR
302 W. WASHINGTON STREET • INDIANAPOLIS, IN 46204-2770
www.AttorneyGeneral.IN.gov

CURTIS T. HILL, JR.
INDIANA ATTORNEY GENERAL

TELEPHONE: 317.232.6201
FAX: 317.232.7979

March 7, 2017

Nicholas T. Otis
Newby, Lewis, Kaminski & Jones, LLP
916 Lincolnway PO Box 1816
LaPorte, IN 46352

    RE: **Michelle McVay v. Incremedical Management, Inc.**
      **Wage Claim #17-14928**
      **Amount: $10,000.00**

Dear Mr. Nicholas T. Otis:

I am writing in response to your request that the Office of the Attorney General provide you with authorization to pursue the claimant's wage claims in the above-referenced case. This Office has no objection to your pursuing such claims and, to the extent that it is authorized to refer the case to your office for action, hereby does so. No finding is made by the Office of the Attorney General as to any issues that might be construed as having been raised by this complaint.

You have represented that you are an attorney admitted to the practice of law in Indiana and in good standing. You have further represented that you have uncovered no conflicts of interest in the above-referenced matter. Thus, we are authorizing you pursuant to Indiana Code § 22-2-9-4 to represent the individual plaintiff in this action.

We ask only that you pursue the action diligently and report to us on the results. Feel free to contact me at (317) 233-8296 if you have any questions.

Sincerely,

Jonathan P. Nagy
Deputy Attorney General

cc: Rick J. Ruble, General Counsel, IDOL
cc: Patricia Orloff Erdmann, Chief Counsel for Litigation, OAG

Exhibit 2